UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:20CR00203-RJC |
| | ) | |
| v. | ) | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| | ) | |
| (1) DAVID CLARKE | ) | |
| a/k/a Face Money | ) | |
| (2) JAMEL JOHNSON | ) | |
| a/k/a Mel | ) | |
| (3) JUSTIN PARKS | ) | |
| a/k/a Blick | ) | |
| (4) MIKAEL ROBERTS | ) | |
| a/k/a Rollie | ) | |
| | ) | |

COMES NOW the United States of America, by and through William T. Stetzer, Acting United States Attorney for the Western District of North Carolina, and respectfully submits this Sentencing Memorandum.

## Introduction

Defendants David CLARKE, Jamel JOHNSON, Justin PARKS, and Mikael ROBERTS conspired in an identity fraud scheme whereby they obtained personal identity information of victims over the Internet, and elsewhere, and used the victims' information to obtain bank loans, including automobile loans and personal loans, and other goods, including cell phones, in the victims' names. The attempted loss associated with the scheme was more than $550,000, with an actual loss of approximately $350,000. The conduct involved numerous victims, including individuals, businesses, and financial institutions.

While the history and characteristics of each defendant must be considered individually, this Sentencing Memorandum addresses the nature and characteristics and seriousness of the offense generally. Additionally, this Sentencing Memorandum addresses the relative culpability of the defendants and the restitution owed in the case.

## Nature and Circumstances of the Offense

The defendants engaged in a large-scale identity theft scheme that occurred between approximately August 2019 and June 2020. The defendants used stolen identity information and fake IDs to obtain bank loans and merchandise, generally cell phones, in the names of identity theft victims. The scheme targeted numerous financial institutions with ten banks and credit unions sustaining actual losses.

1

Furthermore, as part of the scheme, the defendants stole the identities of two actual Charlotte area car dealerships and opened fraudulent bank accounts in the names of these car dealerships that were controlled by the defendants. The defendants then applied for fraudulent car loans in the names of identity theft victims and had the funds deposited into the fake automobile dealership accounts. Generally, these automobile loans were for larger dollar amounts than could be obtained by applying for fraudulent personal loans.

As part of the scheme the co-conspirators also changed the address associated with the automotive dealerships with the Postal Service and forwarded the mail elsewhere. This created additional problems for the automotive dealerships and their clients.

Because of the use of fake IDs and stolen identities and the conduct at numerous financial institutions, the conduct was difficult to investigate and took considerable resources. Many fraudulent transactions could only be attributed to the scheme as a result of federal agents and police working with numerous financial institutions and obtaining multiple search warrants for cell phones.

CLARKE, JOHNSON, and PARKS continued the scheme after the COVID-19 pandemic hit and continued to go into financial institutions to try to take out fraudulent loan proceeds while most of Charlotte was on lock-down.

## **Relative Culpability of Co-Defendants**

The attempted loss of the conspiracy of more than $550,000 but less than $1,500,000 was reasonably foreseeable to each of the co-defendants. The advisory guidelines calculation for each defendant, solely as it results to the conduct in 3:20CR203 and not including additional conduct in filed Bills of Information for JOHNSON and CLARKE, is calculated as Offense Level 20. Each defendant has pled guilty to the conspiracy as well as to one count of 18 U.S.C. § 1028A.

However, the defendants did not all play the same role in the conspiracy.

Generally, CLARKE and JOHNSON were more culpable and received a greater share of the proceeds. CLARKE and JOHNSON obtained the identity information of the victims over the Internet, obtained fake IDs in the names of the victims, and applied for the loans in the names of the victims. CLARKE and JOHNSON set up the fake automobile dealership bank accounts used in the scheme. At times, CLARKE and JOHNSON used fake IDs to go into banks to obtain the fraudulent loan proceeds.

Generally, PARKS and ROBERTS acted as individuals who went into the financial institutions to obtain the fraudulent loan proceeds. PARKS and ROBERTS utilized numerous fake IDs and numerous stolen identities at the financial institutions. PARKS and ROBERTS, while aware of the full nature of the scheme, received approximately one-third or one-fourth of the funds that they withdrew and split the proceeds with JOHNSON and CLARKE. PARKS and

2

ROBERTS both frequently communicated with JOHNSON and CLARKE during the scheme and were integral to its success.

Additionally, due to his arrest on separate charges, ROBERTS has been incarcerated since on or about February 5, 2020.

### Restitution

The final restitution numbers do not appear in the PSRs but were provided to the defendants during discovery as well as to US Probation. The total restitution due and owing for 3:20cr203 is $347,696.03. This breaks down as follows:

| VICTIM | LOSS AMOUNT |
|---|---|
| AT&T | $52,583.28 |
| Verizon | $32,786.81 |
| PNC Bank | $110,400.00 |
| First Citizens Bank | $39,099.00 |
| Truist Bank | $43,899.00 |
| Woodforest National Bank | $2,500.00 |
| Sharonview Federal Credit Union | $8,500.00 |
| Charlotte Metro Credit Union | $12,000.00 |
| Allegacy Federal Credit Union | $16,100.00 |
| Truliant Federal Credit Union | $6,500.00 |
| First Financial Credit Union | $18,350.00 |
| Pentagon Federal Credit Union | $3,000.00 |
| Ashley Furniture | $1,977.94 |
| TOTAL: | $347,696.03 |

**Conclusion**

JOHNSON, CLARKE, PARKS, and ROBERTS participated in a serious identity theft conspiracy that victimized banks, businesses, and individuals. The specific sentencing recommendation for each defendant will be addressed during each individual sentencing hearing to reflect each defendant's history and characteristics and role in the offense.

Respectfully submitted this the 3rd day of November, 2021 by:

WILLIAM T. STETZER
ACTING UNITED STATES ATTORNEY
s/ Jenny Grus Sugar
Jenny Grus Sugar
Assistant United States Attorney
Bar: State of State of New York
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (office)
(704) 344-6629 (facsimile)
jenny.sugar@usdoj.gov